IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS CAMACHO-PASTRANA, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JON FISHER, et al., | : | NO. 10-6032 |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Smithfield, in Huntingdon, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.  PROCEDURAL HISTORY

On March 15, 2000, petitioner pled guilty before the Honorable Jeffrey L. Schmehl to murder in the first degree. Specifically, petitioner pled guilty to stabbing his common law wife to death. On March 30, 2000, petitioner was sentenced to life imprisonment without the possibility of parole.

Petitioner did not file a direct appeal.

On January 25, 2002, petitioner filed a motion to withdraw his guilty plea *nunc pro tunc*. Based on the record, it appears that the trial court never appointed counsel nor did the trial court rule on the motion.

1

On February 20, 2003, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541, et seq. Counsel was appointed and subsequently filed a "no merit" letter in accordance with Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On June 6, 2005, the PCRA court filed a notice of intention to dismiss the PCRA petition without a hearing. On July 25, 2005, the PCRA court dismissed the petition. Petitioner filed a timely notice of appeal to Superior Court. The Superior Court remanded ordering the trial court to treat petitioner's original motion to withdraw guilty plea *nunc pro tunc*, which was ignored, as petitioner's first PCRA petition. The Superior Court explained that petitioner's motion to withdraw guilty plea *nunc pro tunc* was actually a PCRA petition and that PCRA petition was still pending. The Superior Court further explained that it lacked jurisdiction over petitioner's second PCRA petition because petitioner's first PCRA petition was still pending. The Superior Court remanded for the trial court to determine if petitioner's first PCRA petition was time-barred.

According to the remand, counsel was appointed to represent petitioner. Counsel subsequently filed a "no merit" letter in accordance with Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 31, 2008, the PCRA court filed a notice of intention to dismiss the PCRA petition without a hearing. On March 26, 2009, the PCRA court dismissed the petition as untimely. Petitioner appealed to the Superior Court. On July 15, 2010, the Superior Court affirmed the PCRA court's denial of petitioner's PCRA petition.

On October 31, 2010, petitioner filed the instant petition seeking habeas corpus relief. Respondents assert that this petition is time-barred, and must be dismissed, as petitioner is not entitled to habeas review or relief. We find that the instant petition is time-barred. As such,

we must dismiss the petition in its entirety.

II. TIMELINESS

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness. A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, *et seq*., which was amended under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in April 24, 1996. Under section 2244(d), the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1996).

This statute also creates a tolling exception, which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place

of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes. Merrit v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

Applying the AEDPA limitations period to the instant case, petitioner's judgment of sentence became final on April 30, 2000, when the time for petitioner to file a direct appeal expired. See United States Supreme Court Rule 13(1). Thus, petitioner's one year limitations period in which to file for habeas corpus relief began to run on April 30, 2000. Absent tolling of the limitation period, petitioner had until April 30, 2001, to file a § 2254 petition.

Petitioner filed a PCRA petition on January 25, 2002. This attempt at obtaining collateral relief did not, however, toll the habeas limitations period. Statutory tolling under § 2244(d)(2) is only appropriate where the petition for collateral relief was "properly filed." An untimely PCRA petition is not "properly filed" for purposes of the AEDPA. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Petitioner's PCRA petition was dismissed as untimely. Thus, this PCRA petition did not toll the habeas limitations period.

Petitioner had until April 30, 2001 in which to file a timely habeas petition. The instant habeas petition was not filed until October 31, 2010, nearly nine years and six months after the deadline for filed a timely habeas petition had run, leaving this court with no choice but to dismiss the request for relief as untimely without consideration on the merits.

One avenue of relief remains for petitioner. The statute of limitations set forth in the AEDPA is subject to equitable tolling. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling is proper only when the "principles of equity

4

would make [the] rigid application [of a limitation period] unfair." Id. (quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 122 S. Ct. 323 (2001) (citing cases).

Petitioner argues that the AEDPA statute of limitations should be equitably tolled. Petitioner argues that he is incompetent due to suffering from a mental health illness. Petitioner claims he was incompetent at the time of the guilty plea and has been incompetent since then. Petitioner claims he has a mental disorder and this prevented petitioner from filing a timely appeal.

According to the case law that has developed in this jurisdiction, mental incapacity is not a *per se* reason to toll the statute of limitations. See Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001). A mental condition "that burdens but does not prevent a prisoner from filing a timely petition does not constitute extraordinary circumstances justifying equitable tolling." United States v. Harris, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003)(finding that equitable tolling was appropriate where petitioner presented expert medical opinion showing that her condition interfered with her capacity to effectively protect her rights and file her habeas petition in a timely manner). In determining whether equitable tolling is warranted, this court must assess

5

the totality of the circumstances, and may consider the following factors: whether the petitioner has been adjudicated incompetent; whether the petitioner has been institutionalized for his mental impairment; whether petitioner has handled or assisted in other legal matters which required action during the limitations period; and whether petitioner's allegations of impairment are supported by extrinsic evidence such as evaluations and/or medication. See Griffin v. Stickman, 2004 WL 1821142, at *6 (E.D. Pa. Aug. 11, 2004).

Consideration of the above factors militates against equitable tolling in this case. Petitioner can not show that petitioner was adjudicated incompetent. In fact, during petitioner's guilty plea colloquy Dr. Larry A. Rotenberg testified that it was Dr. Rotenberg's conclusion that petitioner was competent to enter into and understand plea negotiations. *See*, N.T. Guilty Plea Colloguy, 3/15/00 at 3-9. There has been no evidence provided to the court that petitioner was ever institutionalized. Petitioner has filed PCRA petitions and appeals on those petitions. Petitioner does claim that fellow inmates prepared those documents for petitioner but there is no evidence of that. Finally, petitioner has provided no extrinsic evidence to this court to support petitioner's allegations of mental impairments. Petitioner has failed to prove that his alleged mental incompetence is reason to equitably toll the AEDPA statute of limitations. Accordingly, this court does not find that petitioner's claim of incompetence is sufficient to equitably toll the AEDPA statute of limitations.

This court finds no valid justification for petitioner having waited until October 2010 to file a petition for habeas corpus relief. Petitioner has failed to demonstrate that statutory or equitable tolling of the AEDPA statute of limitations applies here, thus, his petition for Writ of Habeas Corpus is untimely. This court dismisses the habeas petition in its entirety.

6

Therefore, I make the following:

RECOMMENDATION

AND NOW, this _____ day of January, 2011, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


　/S LINDA K. CARACAPPA　
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE